## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> USERTESTING, INC., ANDREW MACMILLAN, DARRELL BENATAR, ANDREW BRACCIA, TATYANA MAMUT, SHANNON NASH, CYNTHIA RUSSO, and ALEXANDER WONG, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Christopher Scott ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against UserTesting, Inc. ("UserTesting" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of Thoma Bravo, L.P. ("Thoma Bravo") and Sunstone Partners Management, LLC ("Sunstone").[1]

2. On October 26, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Thunder Holdings, LLC ("Parent") and Thunder Merger Sub, Inc. ("Merger Sub").[2] The Merger Agreement provides that UserTesting stockholders will receive $7.50 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the December 6, 2022, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Merger Sub are affiliated with Thoma Bravo Discover Fund III, L.P., Thoma Bravo Discover Fund IV, L.P. (together, the "Thoma Bravo Funds") and are managed by Thoma Bravo, L.P. UserZoom Technologies, Inc. ("UserZoom"). UserZoom is owned by the Thoma Bravo Funds and funds affiliated with Sunstone.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for January 10, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of USERTESTING common stock.

10. Defendant UserTesting is a Delaware corporation with its principal executive offices located at 144 Townsend Street, San Francisco, California 94107. UserTesting's shares trade on the New York Stock Exchange under the ticker symbol "USER." UserTesting engages in the operation of a software-as-a-service platform that enables organizations to know experiences of people as they engage with products, designs, apps, processes, concepts, or brands in the United States, the United Kingdom, and internationally. The Company's platform captures customer perspectives from targeted audiences who share their thoughts for digital, real-world, or omnichannel experiences. UserTesting sells through a direct selling motion and field sales representatives; and inside sales organization that sells to mid-market, and small and

medium-sized business customers. It serves customers in business-to-business and business-to-consumer technology, retail and e-commerce, consumer products, automotive, financial services, travel and hospitality, media entertainment, public, gaming, education, healthcare, transportation, food and beverage, manufacturing, and professional service industries.

11. Defendant Andrew MacMillan is and has been President, Chief Executive Officer, Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Darrell Benatar is a co-founder of the Company and is and has been a director of the Company at all times relevant hereto.

13. Defendant Andrew Braccia is and has been a director of the Company at all times relevant hereto.

14. Defendant Tatyana Mamut is and has been a director of the Company at all times relevant hereto.

15. Defendant Shannon Nash is and has been a director of the Company at all times relevant hereto.

16. Defendant Cynthia Russo is and has been a director of the Company at all times relevant hereto.

17. Defendant Alexander Wong is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On October 27, 2022, the Company announced in relevant part:

4

**San Francisco** – October 27, 2022 – UserTesting, Inc. (NYSE: USER), a leader in video-based human insight, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, and Sunstone Partners for $7.50 per share, in an all-cash transaction valued at approximately $1.3 billion. The offer represents a premium of approximately 94% over UserTesting's closing stock price on October 26, 2022 and a premium of approximately 97% over the volume weighted average price (VWAP) of UserTesting's shares for the 30 trading days ended October 26, 2022.

Following the closing of the transaction, Thoma Bravo and Sunstone Partners intend to combine UserTesting and UserZoom, which Thoma Bravo acquired majority control of in April 2022. UserTesting's CEO, Andy MacMillan, will lead the combined company. Additionally, the combined company will benefit from the operating capabilities, capital support, and industry expertise of Thoma Bravo and Sunstone Partners.

The companies' complementary offerings will create a powerful end-to-end solution in the customer experience space—helping more organizations around the globe innovate, drive revenue, manage risk, and deliver exceptional customer experiences. UserZoom is a user experience (UX) insights company empowering its customers with tools to conduct high quality research and increase research productivity. By combining UserZoom's multi-method research capabilities, proprietary benchmarking methodology, and research repository with UserTesting's proprietary contributor network and enterprise-scale experience testing platform, customers will be able to leverage the strength of both solutions to build better product, customer, employee, and brand experiences.

"We believe the combination of UserTesting and UserZoom will unlock tremendous value for our customers by further integrating and expanding the suite of research methods, testing types, and measurement options available—all while making the voice of the customer and human insight more accessible across an organization and easily integrated into their processes and workflows," said Andy MacMillan, CEO of UserTesting. "We are pleased to partner with Thoma Bravo and Sunstone Partners to build upon our award winning Human Insight Platform to further innovate in the CX space and continue to serve a growing number of teams and use cases. We are confident that this transaction—joining two complementary players in the customer experience space to form a new private company—offers the most compelling value creation for all of our stakeholders, and is a testament to the value of human insight, the UserTesting platform, our talented team, and loyal customer base."

"We live in a digital experience-first world, one where the quality of the user and customer experience will distinguish the winners from the losers. The

combination of UserTesting and UserZoom's solutions will help democratize experience insights to enable companies to make the right decisions, be innovative, and ultimately deliver experiences their customers love," said Alfonso de la Nuez, Co-Founder and Chief Visionary Officer of UserZoom.

"We are excited to bring together the complementary expertise of UserTesting and UserZoom to create a leading, integrated solution that delivers real-time, data-driven feedback to organizations globally," said A.J. Rohde, a Senior Partner at Thoma Bravo. "Our acquisition of UserTesting is a testament to our belief that customer experience is mission critical to organizations, and the combined company will be well-positioned to further market expansion, accelerate innovation, and provide even greater insights to its customers. We look forward to leveraging the deep experience we have cultivated in the customer experience and user experience space to help the combined company capture the tremendous growth opportunities ahead."

**Transaction Details**

The transaction, which was unanimously approved by the UserTesting board of directors, is currently expected to close in the first half of 2023, subject to customary closing conditions, including approval by UserTesting's stockholders and the receipt of required regulatory approvals. The UserTesting board of directors unanimously recommends that UserTesting stockholders vote in favor of the transaction at the Special Meeting of Stockholders to be called in connection with the transaction. Upon completion of the transaction, UserTesting's common stock will no longer be publicly listed and UserTesting will become a privately held company.

The agreement includes a "go-shop" period expiring at 11:59 p.m. Pacific time on December 10, 2022, which allows the UserTesting board of directors and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties. UserTesting's board of directors will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and UserTesting does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on December 6, 2022. The Proxy Statement, which recommends that UserTesting stockholders vote their shares in favor of the Proposed Transaction, fails to disclose

material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for UserTesting; and (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the Unlevered Free Cash Flows (and underlying line items) for AYLA's "September Financial Forecast" over the forecasted period.

22. With respect to that same set of financial forecasts, the Proxy Statement also fails to disclose the line items underlying AYLA's projected Non-GAAP Net Income and Calculated Billings.

23. With respect to the Company's "October Financial Forecast," the Proxy Statement fails to disclose the line items underlying AYLA's projected EBITDA and Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analysis*

24. The Proxy Statement fails to disclose material information concerning Morgan Stanley's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose: (a) AYLA's terminal values; (b) the Company's net cash; (c) the net present value of net operating losses; and (d) AYLA's fully diluted outstanding shares.

26. With respect to the *Public Trading Comparables Analysis* and *Precedent Transactions Multiples Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the individual financial metrics for each of the respective selected companies and transactions analyzed by the financial advisor.

27. With respect to the *Discounted Equity Value Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the Company's fully diluted outstanding shares.

28. With respect to the *Illustrative Precedent Transaction Premiums* analysis performed by Morgan Stanley, the Proxy Statement fails to disclose the identities of the companies analyzed and the individual premiums observed for each company analyzed by Morgan Stanley.

29. With respect to the *Equity Research Analysts' Future Price Targets* analysis performed by Morgan Stanley, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

30. The omission of the above-referenced information renders statements in the "Management Projections" and "Opinion of Morgan Stanley & Co. LLC" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and UserTesting**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. UserTesting is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of UserTesting within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of UserTesting and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of UserTesting, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 13, 2022

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*